UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| RYAN DAVENPORT, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 16-295-DCR |
| ) | |
| V. ) | |
| ) | |
| J. RAY ORMOND, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Ryan Davenport is a federal inmate in the custody of the Bureau of Prisons ("BOP"). While confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky, Davenport filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking to challenge the amount of jail time the BOP has credited against his federal sentence.[1] [Record. No. 1] Because Davenport is not entitled to habeas relief based on the petition filed in this Court, his petition will be denied and this proceeding will be dismissed.

**I.**

Davenport was originally arrested in 2000 by Tennessee state authorities on a charge of aggravated robbery. [Record No. 1] On March 15, 2000, Davenport was indicted in the

---

[1] Davenport has since been transferred to the United States Penitentiary-Atlanta in Atlanta, Georgia. [Record No. 5].

United States District Court for the Eastern District of Tennessee on charges related to bank robbery by force or violence. *United States v. Davenport*, No. 1: 00-cr-19-TRM-HBG-2 (E.D. Tenn. 2000). On November 9, 2000, Davenport pleaded guilty to two counts of a four count indictment. *Id*. Count One of the indictment included charges of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and assault with a deadly weapon in violation of 18 U.S.C. § 2113(d). Count Four charged Davenport with discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *Id*. Davenport was sentenced on the same date by the federal court to a term of imprisonment of 37 months on Count 1, to run consecutively with a term of imprisonment for 120 months on Count 4, for a total term of imprisonment for 157 months, followed by a 5-year term of supervised release. *Id*.

Davenport was returned to Tennessee state authorities following his sentencing in federal court and the United States District Court judgment was filed as a detainer. [Record No. 1-1 at United States' Memorandum filed in *United States v. Davenport*, No. 1: 00-cr-19-TRM-HBG-2 (E.D. Tenn. 2000)] Pursuant to a plea agreement with the state prosecutor, Davenport pleaded guilty in December 2003 in Tennessee state court to four aggravated robberies and second degree murder. [Record No. 1-1, Request for Acceptance of Plea of Guilty]. The state court sentenced Davenport on December 19, 2003, to a 19-year term of imprisonment and indicated in its judgment that the state sentence should run concurrently with his previously-imposed federal sentence. [Record No. 1-1, Tennessee State Court Judgment]

Davenport's state sentence was satisfied on March 11, 2006. Thereafter, he was transferred to federal custody to commence service of his federal sentence. [Record No. 1] Davenport then sought a *nunc pro tunc* designation of a state prison facility as the place of service of his federal sentence for the period during which he was in state custody under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1999). [Record No. 1] The BOP considered Davenport's request in light of *Barden* and in accordance with the factors set out in 18 U.S.C. § 3261(b). However, it denied Davenport's request on November 8, 2006. [Record No. 1-1 at BOP Response to Ryan Davenport] In its denial letter, the BOP cited the nature of Davenport's offense and his criminal history. [*Id*.] The letter also indicated that the federal sentencing Court was contacted for a position on a retroactive designation and advised that Davenport's sentences should run consecutively. [*Id*.]

Davenport is currently attacking the merits of the BOP's denial of his request for *nunc pro tunc* status. More specifically, he challenges the BOP's consideration of the *Barden* factors in proceedings pending in the United States District Court for the Eastern District of Tennessee (i.e., the district in which he was sentenced). Before he filed his § 2241 petition in this Court, Davenport filed a pleading captioned "Motion Request for Clarification of Facts and Order for Appropriate Sentence Credit" in his federal criminal case. The United States later filed a response to that motion. *United States v. Davenport*, No. 1:00-cr-19-TRM-HBG-2 (E.D. Tenn. 2000) at Record No. 82, 84. Since these filings, Davenport has also filed a "Motion for nunc pro tunc credit toward my federal sentence for time spent in the state," *id*. at Record No. 85, a "Motion to Vacate under 28 U.S.C. § 2255,"

*id.* at Record No. 86, a "Motion of Deliverance from Federal Custody," *id.* at Record No. 87, and a "Motion for Evidentiary Hearing," *id.* at Record No. 93, all in the federal court in Tennessee. In compliance with an order from that Court, the United States has also filed a response to Davenport's § 2255 Motion to Vacate. *Id.* at Record No. 92. This motion, as well as the other motions referenced above, are all currently pending in the Tennessee federal court. These motions all essentially seek the same relief in one form or another: that is, credit towards Davenport's federal sentence for the time he spent in state custody.

Davenport argues in the § 2241 petition filed in this Court that the BOP's denial of his request for *nunc pro tunc* designation violates the "Full Faith and Credit" Clause of the United States Constitution, codified at 28 U.S.C. § 1738, as well as the Contract Clause found at Art. 1, Section 10 of the United States Constitution. [Record No. 1] These arguments are not raised in his motions pending in the United States District Court for the Eastern District of Tennessee. Thus, this Court may consider the constitutional arguments made in Davenport's § 2241 petition without impacting his ongoing efforts to seek relief from the federal sentencing court. However, in light of the pending motions in Davenport's criminal case, this Court will limit its consideration to only the constitutional challenges to the BOP's actions as specifically set forth in the § 2241 petition.

**II.**

In conducting its initial review of this matter as required by 28 U.S.C. § 2243, the Court notes that the petition should be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules

Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). In undertaking this review, however, the Court evaluates Davenport's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

While the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged."). The Court is particularly mindful of this limit to its obligation to liberally construe Davenport's petition in these circumstances, given Davenport's pending motions seeking relief in the United States District Court in the Eastern District of Tennessee. Thus, the Court will limit consideration to Davenport's arguments that the BOP's denial of his request for *nunc pro tunc* designation violates the Full Faith and Credit Clause of the United States Constitution, codified at 28 U.S.C. § 1738, as well as the Contract Clause found at Art. 1, Section 10 of the United States Constitution.

**III.**

Davenport disputes the date that the BOP has determined his federal sentence commenced. Although he was sentenced in federal court first, Davenport was originally arrested by the State of Tennessee. As a result, he was tried and sentenced by the federal court pursuant to a writ of habeas corpus ad prosequendum before his Tennessee charges were resolved. *United States v. Davenport*, No. 1:00-cr-19-TRM-HBG-2 (E.D. Tenn. 2000) at Record No. 13, 14. Thus, at the time he was sentenced in federal court, the State of Tennessee had "primary jurisdiction" over him. *Ponzi v. Fesseden*, 258 U.S. 254, 262 (1922). This is important because a "federal sentence does not begin to run ...when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum.* Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (citing *Thomas v. Whalen,* 962 F.2d 358, 361 n. 3 (4th Cir.1992); *Thomas v. Brewer,* 923 F.2d 1361, 1366–67 (9th Cir.1991)).

Davenport was returned to state authorities following his sentencing in federal court and the United States District Court Judgment was filed as a detainer. [Record No. 1-1 at United States' Memorandum filed in *United States v. Davenport*, No. 1: 00-cr-19-TRM-HBG-2 (E.D. Tenn. 2000)] He then remained in state custody until he was returned to the federal authorities in March 2016. [Record No. 1, p. 2-3]

Calculation of a federal prisoner's sentence (including its commencement date and any credits for custody before the sentence is imposed) is governed by federal statute:

> (a)  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Where, as here, the federal court is silent on the issue of concurrent or consecutive sentences, the federal sentence is consecutive pursuant to 18 U.S.C. § 3584. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times runs consecutively unless the court orders that the terms are to run concurrently."). Therefore, although Davenport was sentenced by the federal court in November 2000, the BOP determined that his federal sentence did not commence until the day he was received into federal custody in March 2016. 18 U.S.C. § 3585. And while he sought credit for his time spent in state custody, pursuant to 18 U.S.C. § 3585(b), such credit is available only if that time "has not been credited against another sentence." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

However, Davenport could still obtain relief from the BOP by seeking *nunc pro tunc* designation, which is exactly what he attempted to do. The BOP is granted discretionary placement authority under 18 U.S.C. § 3621(b) to designate the place of a federal prisoner's imprisonment. Included in this authority is the BOP's power to have a state facility designated *nunc pro tunc* as a place of federal confinement where a prisoner could gain credit against his federal sentence for the time he served there, effectively reducing the length of his federal sentence. *Barden*, 921 F. 2d 476. *See also* BOP Program Statement 5160.05 (implementing the rule set forth in *Barden*). The BOP considered the factors set forth in *Barden* and denied Davenport's request.

In this action, Davenport challenges the BOP's denial of his request for *nunc pro tunc* status on constitutional grounds. Davenport first argues that the BOP's failure to run his federal sentence concurrent with his state sentence in accordance with Program Statement 5160.05 violates the Full Faith and Credit Clause because it treats the Tennessee "state court judgment like it is just a mere recommendation, instead of a judgment that should be given full faith and credit." [Record No. 1 at p. 5-7] However, the Tennessee state court's direction that Davenport's state sentence run concurrent with his federal sentence is not binding on the federal courts or the BOP, notwithstanding Davenport's arguments to the contrary. The Full Faith and Credit Clause requires that credit "be given in each State to the public Acts, Records and judicial and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. *See also* 28 U.S.C. § 1738. But it does not "compel 'a state to substitute the statutes of other states for its own statutes dealing with a subject

matter concerning which it is competent to legislate.'" *Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 232 (1998) (quoting *Pacific Employers Ins. Co. v. Industrial Accident Comm'n*, 306 U.S. 493, 501 (1939). Moreover, "[i]n our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for 'the administration of [its own] criminal justice syste[m].'" *Setser v. United States*, 566 U.S. 231, 241 (2012) (quoting *Oregon v. Ice*, 555 U.S. 160, 170 (2009) (alterations in original).

Thus, in light of the Supremacy Clause, U.S. Const. art. VI, cl. 2, while "a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP." *United States v. Allen,* 124 F. App'x 719, 720 (3d Cir. 2005). "[N]either the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently." *Barden,* 921 F.2d at 478 n. 4 (citing U.S. Const., art. VI, cl. 2). *See also Hunter v. Tamez*, 662 F.3d 427, 430-431 (5th Cir. 2010) (rejecting the argument that "the principles of federalism and comity between the state and federal government as dual sovereigns require the BOP to give effect to the state sentencing court's direction that [a prisoner's] term of imprisonment on his state conviction run concurrently with his already-imposed term of imprisonment on his federal conviction."); *Banks v. Wilson*, 2009 WL 5125282, at *4 (E.D.Ky.2009). In summary, Davenport's argument is without merit because the federal government has the right to administer its own criminal justice system independent of the system operated by the state of Tennessee.

Davenport next argues that the BOP's failure to run his federal sentence with his state sentence violates the Contract Clause of the United States Constitution. He contends that his plea agreement with Tennessee was based on that state's agreement that it would request that the sentencing judge run his state sentence concurrent with his federal sentence. [Record No. 1, p. 7-8]. According to Davenport, by applying 18 U.S.C. § 3583 in a manner that deprives Davenport of this part of his bargain with Tennessee, the BOP is using the law in a manner that impairs the obligations of Davenport's plea agreement with the state of Tennessee in violation of the Contract Clause. [*Id.* at p. 8] In making this argument, Davenport misconstrues the nature of the Contract Clause.

The Contract Clause provides that "[n]o State shall...pass any...Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1. In determining whether there has been a violation of this constitutional provision, "the first inquiry must be whether the state law has, in fact, operated as a substantial impairment of a contractual relationship." *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978). There is no state law at issue here. Rather, Davenport contends that the BOP's application of 18 U.S.C. § 3583 deprives him of his bargain with Tennessee. However, "[b]y its own terms, the clause does not apply to laws enacted by the federal government." *BellSouth Telecommunications, Inc. v. Pub. Serv. Comm'n of Kentucky*, 380 F. Supp. 2d 820, 827 (E.D. Ky. 2004), *aff'd sub nom. BellSouth Telecommunications, Inc. v. Goss*, 142 F. App'x 886 (6th Cir. 2005). *See also Pension Ben. Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 732 n. 9 (1984) ("It could not justifiably be claimed that the Contract Clause applies, either by its own terms or by

-10-

convincing historical evidence, to actions of the National Government."). The BOP's conduct in this case does not violate the Contract Clause because this case involves the interpretation of federal statutes and regulations by a federal law enforcement agency, not the enactment of a law by a state government.

Davenport's argument also overlooks the nature of the American dual sovereignty system, pursuant to which the federal and state governments are each responsible for the administration of its own criminal justice system. *Sester*, 566 U.S. at 241. The federal government has the authority to prosecute and punish a defendant for conduct that is also punishable under state law under the dual sovereignty doctrine. *Heath v. Alabama*, 474 U.S. 82, 88 (1985). Thus, the BOP's denial of Davenport's request for *nunc pro tunc* designation does not violate the Contract Clause because the federal government has a right as a separate sovereign to administer its own criminal justice system, including the determination of the date Davenport's federal sentence would commence. *See Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991) ("The determination by federal authorities that Bloomgren's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.").

## IV.

Davenport's constitutional challenges to the BOP's denial of his request for *nunc pro tunc* designation fail and his § 2241 habeas petition filed in this Court is without merit.

Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Ryan Davenport's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 20th day of September, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge